Chief Justice Robertson,
delivered the opinion of the court.
This is a suit in chancery, instituted by Hightower against Smith and Frost, for the specific execution of a contract in writing, whereby, Hightower had covenanted to convey, by deed of general warranty, fifty four acres of land to Frost, whenever the last instalment of the consideration promised therefor should be paid, and which covenant had been assigned by Frost to Smith, who obtained a judgment thereon for damages, for a breach by a failure to- convey to him,.
*543 The bill had been filed before Smith had obtained his judgment; but, in consequence of an agreement of the parties to that effect, no injunction was granted,or other order or proceeding liad upon it, until after the date of the said judgment, as well as of one in favor of Hightower against Smith for the last instalment of the consideration, for which Smith’s note had been substituted for Frost’s. On the prayer of the bill, thejudgment against Hightower was injoined; andón a smilar prayer in Smith’s answer, Hightower’s judgment against him was also injoined.
On the final hearing, Hightower’s injunction was perpetuated for the amount of his judgment against Smith, and also for the assessed excess of rents over improvements, and was dissolved for the residue with ten per cent damages thereon; and Smith’s injunction was, of course, also perpetuated.
The fact that Smith’s judgment had been obtained before the injunction ivas grained, cannot operate materially on the case; because i he bill was filed prior to the date of the judgment. The only objection to the specific execution, which can have any effect, is, that Hightower was unable by documents or other sufficient evidence; to assure title. He proved that Mrs. Dickinson, (who afterwards married Bales,) ivas in possession of the land as early as 1785; but he did not prove that there had been a .continued occupancy of it under her ever since, or even for any definite period. His documents of title consisted of a deed to him from Jesse Pally and Cbediah Dickinson, in 1809; a deed from Mrs. Bates since that time, and when she was covert; a patent to Benjamin Johnson; a deed from persons styling themselves heirs of the patentee; and a deed from John T. Johnson, as attorney in fact for the heirs of Robert Johnson; and from John C. Walker as attorney in fact for the heirs of Thomas Lewis. '
Hightower had enjoyed the possession ever since 1809; and Smith has not been disturbed in his possession under Hightower. But, the mere possession does not furnish such an assurance as Smith has a right to demand. The possession prior to 1809, is not shewn to have been such as would authorize the presumption that Mrs. Dickinson had title; nor is there any evidence-tending to prove that J. Pally and O. Dickinson *544 had a legal title. No connexion lias been 'shewn bi> tween the possession of any of those who have occuthe land since 1785, and the patent of R. Johnson or any other grant. There is no proof that the persons who acknowledged the deed as heirs of B. Johnson, were his heirs, or his only heirs, or that Pally and Dickinson ever claimed under B. Johnson’s patent; nor is there any proof of any title in ft. Johnson or Thos. Lewis, or of any authority in J. T. Johnson, or J C. Walker, to make conveyances; nor is there any evidence of a continuity of possession since 1785, under the same title, or under any title or claim of title. No documentary title has, therefore, been shewn to be vested in Hightower, nor has any fact been proved, front which title in him, or in Mrs. Dickinson, or in O. Dickinson and Pally, can be u■presumed,” in consequence of a long continued possession under the claim of title and the same title. *
When obligee in a bowl for anos oTTaiid has.-i right to demaiid a titli^iuid ohligor fails to ilion- that he suíu°a one^ho is not1entitled to a decree ior a specific ■the contract,
^!icl1 a mm■’ilaiuant my relief ^ to ^ withhold from him a decree .for
*544 Wherefore, as Smith had a right to demand a per-feet legal title, and Hightower has failed to diew that he could convey such an one, it was the duty of the. carcu^ court to withhold a decree for a specific execution of the contract; althoug'h, it is evident that High-tower has acted frankly and honorably, and although may, in fact, be in no danger of ever being disturbed in his possession, and may have been, as there is some reason to apprehend that he has been, prornptec* ^ (leP1,eciati°n in the vendable value of the land, to take advantage of technical defects in High-tower’s title, for the purpose of extricating himself fron, what.has become a disadvantageous bargain, and mu tor the purpose of securing, m good faith, the enjoyment of the land.
There is no proof of the allegation in the bill, that ¡Smith was acquainted witii the nature of the title when he was substituted for Frost.
As, therefore, Smith had lairlv obtained a judgment at law, and had thereby virtually rescinded the contract, no suliicieat cause has been shewn for perpetuating the injunction to the entire judgment, and compelling him to accept a deed from Dig-rower. So far then, High-lower has no cause for complaining of the decree; nor bas he any cause for complaining of the amount of damages finally decreed against mm, or of the amount *545 -ibr which his injunction was perpetuated. But us'he had a right to some relief, the circuit court erred in not decreeing costs to him.
Haggin, for plaintiff; Owsley and Chinn, for defendants.
The court also erred in correcting, as it attempted to do, an error in an interlocutory decree which had been rendered at a former term.
Wherefore, the final decree, except so far as it withholds costs, is aifirmed; but the first decree dissolving ■the injunction, is reversed, and the cause is remanded with insiructions,tc enter a decree, that Smith pay to Hightower the costs on his 'bill, and that Hightower pay to Smith the costs on liis cross hill.
There will he no judgment for costs in this court.